Barney *v.* Dimmitt's Administrator.

---

## CLERMONT COUNTY, APRIL TERM, 1832.

JUDGES—COLLETT AND WRIGHT.

---

### BARNEY *v.* DIMMITT'S ADMINISTRATOR.

Evidence—condition of defeasance—settling the law—fraud—drunkenness—reservation of equity.

If the evidence offered is applicable to any one count in the declaration, it is to be received, though inapplicable to the others.

The Court when applied to will settle the law of a case, before the argument proceeds to the jury.

It is competent to the defendant under non assumpsit, to prove that the plaintiff had originally no cause of action, none at the time the suit was brought, or has since been discharged, or that the contract was obtained by fraud, or of the obligor when drunk, by the procurement of the obligee.

A condition of defeasance attached to, or separated from the obligation, will be regarded as if written out at length in it.

Courts of law will not enter on their record *a reservation of equity*, and if they did, the reservation would be of no avail to give a court of equity jurisdiction.

ASSUMPSIT. The first count of the declaration is upon the following writing: " On a final settlement of all accounts, controversies, trespasses, and demands whatever, between Daniel F. Barney and myself, from the beginning of the world to this day, I promise to pay to the said Daniel F. Barney, or his order, the just and full sum of three hundred dollars, in ninety days after date, and for value received. Dated 16 July, 1820." The second and third counts are

Barney *v.* Dimmitt's Administrator.

the common ones for money, and upon an account stated. Plea, non assumpsit, and issue.

*\*T. Morris*, for the plaintiff, offered the note declared upon [45 in evidence.

*Fox*, for the defendant, objected for variance. The note declared on was for value received ; that offered in evidence does not contain the words for value received : 1 *Phil. Ev.* 103 *m.* ; 10 *John.* 419.

*Hamer* and *Morris*, contra, insisted that the words value received were not descriptive of the note, and therefore were to be regarded mere surplusage.

*Fishback*, in reply.

BY THE COURT. It is sufficient to overrule the objection, that the paper is admissible in evidence under the account stated, and, perhaps, under the other common counts, even if it were rejected under the special count. We think it is admissible under the issue, and without proof of execution under our statute.

The parties then examined a great number of witnesses, and introduced other evidence, to show the failure of consideration ; that the note was given when the obligor was made drunk by the obligee ; that it was fraudulently obtained ; had been since discharged, &c., and among other things read a condition of defeasance originally attached to the obligation, but which had been torn from it before suit brought, and kept back by the plaintiff, though notified to deliver certain papers mentioned. When the testimony closed,

*Marshall*, for the defendant, asked the court to settle the law of the case, before counsel proceeded to argue to the jury, that the addresses to the jury might be upon the facts under the law as laid down. He proceeded to discuss the law at length, and was replied to by

*Morris* and *Hamer*, for plaintiff.

BY THE COURT. This application is not usual in our practice ; but when there is a dispute about the law of the case, we see no objection to the practice : we think good would result from the practice of having the law settled before the argument proceeds to the jury.

Under the issue in this case, the note imports, prima facie, a consideration, and it will enable the plaintiffs to recover if the prima facie case is not impeached or rebutted. It is competent for the defendant to satisfy the jury under the plea of non assumpsit, that the plaintiff had no original meritorious cause of action, or that nothing is due on account of it now ; that it has been paid, or has

been discharged under an accord and satisfaction ; that it was ob-tained fraudulently, or when the promissor was drunk, by the pro-curement of the plaintiff, so that he did not know what he did ; or was given upon conditions which had not been complied with.   It * is also competent to prove, that the condition of defeasance [46 whether attached to the note or not, was, if it related to it, to be taken as part of it, so that if complied with, the note might be dis-charged in the same manner as if written into the contract.   It having been separated from the note has no other effect in the cause than this :  the manner of its separation and secretion may be looked into to see if it afford any circumstance of fraud.   In such cases, it is competent to go back of the writing to prove fraud, show the want of consideration, &c., and even in case of settlement, to point out and correct any particular error.   It will be for the jury upon the whole evidence to say, if any branch of the defence is made out in whole or in part ; if not, then to ascertain the actual damages which the plaintiff has sustained by the non delivery of the papers mentioned in the condition ; and if they were of no value, or only of nominal value, their verdict should be made up accordingly.

The case was then argued at length to the jury.

WRIGHT J. gave the case to the jury upon the principles above stated.   A verdict was returned for the defendant.

A motion for a new trial was made, argued in extenso, and over-ruled.

A motion was then made for leave to enter on the record of the judgment a reservation of equity.

WRIGHT J.   The motion is denied.   We have no authority to enter it, and if entered, it could not avail the party to give chancery jurisdiction.

Judgment for the defendant.